**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

| | |
|---|---|
| **IRVIN N. HOYT** | **TELEPHONE (605) 224-0560** |
| **BANKRUPTCY JUDGE** | **FAX (605) 224-9020** |

July 5, 2006

Randall B. Turner, Esq.
Counsel for Debtor
202 South Main Street, Suite 600
Aberdeen, South Dakota  57401

Donna R. Jensen
1106 North Fourth Street
Aberdeen, South Dakota  57401

    Subject:  *In re Zaida C. Karlen*,
                 Chapter 7, Bankr. No. 05-10187

Dear Mr. Turner and Ms. Jensen:

    The matters before the Court are the *Motion for Order Directing Clerk of Court to Discharge Judgments Discharged in Bankruptcy* filed by Debtor on May 31, 2006, the *Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)* filed by Debtor on May 31, 2006, and the letter objection to both motions filed by creditor Donna R. Jensen on June 9, 2006.  These are core proceedings under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying orders shall constitute the Court's findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).  As discussed below, both motions will be granted.

    *Summary*.  On March 28, 2005, Donna R. Jensen (hereafter "Jensen") obtained a judgment against Zaida C. Karlen for $884.69 in the Fifth Judicial Circuit for the State of South Dakota, small claims case no. 04-001264 in Brown County.  Karlen (hereafter "Debtor") filed a Chapter 7 petition in bankruptcy on June 16, 2005.  On June 18, 2005, the Bankruptcy Clerk served a Notice of Commencement of Case on Debtor's creditors, including Jensen.  The Notice of Commencement of Case advised creditors that the deadline for filing a complaint objecting to the general discharge of claims against Debtor or to determine the dischargeability of a particular debt was September 12, 2005.

    On her schedule of assets, Debtor stated she owned some real property in Columbia, South Dakota, which is located in Brown County.  Debtor declared this property exempt as her homestead.  No one timely objected to that exemption claim.

In re Zaida C. Karlen
July 5, 2006
Page 2


Neither Jensen nor any other party in interest timely commenced an action objecting to Debtor receiving a general discharge of debts or to the dischargeability of a particular debt. On September 13, 2005, Debtor was granted a general discharge under § 727 of the Bankruptcy Code.

On May 31, 2006, Debtor filed a *Motion for Order Directing Clerk of Court to Discharge Judgments Discharged in Bankruptcy*. She also filed a *Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)*. By document dated June 7, 2005, and received June 9, 2006, Donna R. Jensen objected to Debtor's motions. She stated Debtor had told her at the meeting of creditors that she had craft items to return to her. Jensen further stated Debtor had not yet returned the items and so she (Jensen) did not want her judgment against Debtor discharged.

**Discussion - motion to discharge judgments**. Section 524(a)(1) of the Bankruptcy Code provides:

> (a)  A discharge in a case under this title –
>
> > (1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to have a judgment voided. The Bankruptcy Court's order granting a general discharge of debts *automatically* voids any judgment that represents a determination of the debtor's personal liability for each debt that has been discharged.

Section 15-16-20 of the South Dakota Code establishes the procedure for removing, from the records of the clerk of court for the county in which it was docketed, any judgment that was voided in bankruptcy. When a debtor receives a bankruptcy discharge, she may file a motion with the Bankruptcy Court for an order listing each state court judgment that has been voided. Upon receipt of the Bankruptcy Court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This entry has the effect of discharging the listed judgments from and after that date.

In re Zaida C. Karlen
July 5, 2006
Page 3

In this case, Jensen received timely notice of Debtor's bankruptcy case. Jensen did not object to Debtor's general discharge of debts or to the dischargeability of her particular claim prior to the September 12, 2005, deadline for doing so. Therefore, Jensen's claim was discharged on September 13, 2005. Her judgment was automatically voided on that same date. Accordingly, Debtor is now entitled, through this present motion and applicable state law, to have Jensen's judgment discharged on the state court's records.

*Discussion - motion to avoid lien.* Section 522(f) of the Bankruptcy Code applies when a lien against certain exempt property is sought to be removed by a debtor because the lien impairs the exemption. The procedure set forth in the statute may be used to remove a judgment lien against an exempt homestead. 11 U.S.C. § 522(f)(1)(A). The procedure is separate from the general discharge and removal of judgments under § 524(a)(1) and S.D.C.L. § 15-16-20.

A mathematical calculation must be made to determine whether the value of the property claimed exempt is impaired by the lien. 11 U.S.C. § 522(f)(2). Under the formula, a judicial lien will remain in place only if there is value left to support the lien after the mortgage and other liens are subtracted from the market value of the property. Even if the debtor does not have equity in the property to support the exemption, he may have the lien removed.

Here, Debtor has made the appropriate mathematical calculation showing Jensen's judgment lien impairs her homestead exemption. Accordingly, under § 522(f)(1)(A) the Court is required to avoid Jensen's lien. As a result, Jensen's March 28, 2005, judgment and judgment lien both are no longer effective or enforceable in any regard, and Jensen may not pursue any further collection actions against Debtor.

Appropriate orders will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

CC: case file (docket original; serve parties in interest)